FILED

03 APR 30 AM 11:40

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.                                                   No. CR-01-712 JC

HECTOR VALENZUELA,

    Defendant-Movant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion Pursuant to Title 18 U.S.C.A. § 983 (e)(1)(A)(B), filed June 20, 2002 (*Doc. 17*). Having considered the motion, all other submissions by the parties, and the relevant authority, the Court finds Defendant's motion not well taken and it is, therefore, denied.

### I. Background

Defendant was arrested on April 9, 2001 when agents at the Highway 54 Border Patrol Checkpoint, located south of Alamogordo, New Mexico, found 36.1 kilograms of marijuana in the gas tank of his 1990 Ford Bronco. On April 10, 2001, Defendant was charged by complaint with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 84(b)(1)(D). On June 11, pursuant to a plea agreement, Defendant entered a guilty plea to an information charging a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D). On September 27, 2001, Defendant was sentenced to twenty-four months of imprisonment, followed by three years of supervised release. On June 20, 2002, Defendant filed his Motion Pursuant to 18 U.S.C. §



983(e)(1)(A)(B). In its Order, filed March 4, 2003 (*Doc. 18*), the Court ordered the government to answer Defendant's motion within twenty-three days. Subsequently, the government filed a motion to extend time for its response, which the Court granted in its Order, filed March 17, 2003 (*Doc. 20*). On March 23, 2003, the government filed its Response to Defendant's Motion to Set aside Forfeiture (*Doc. 21*).

## II. Discussion

Defendant brings this motion pursuant to 18 U.S.C. § 983(e)(1)(A)(B), challenging the government's failure to provide him with "notice...of their [sic] intent to seek forfeiture of [his] property." Def's Mot. at 1. Defendant characterizes the property at issue as consisting of a watch, two vests, two pair of pants, two shirts, one cellular phone, a birth certificate belonging to Defendant's wife, a marriage license, Defendant's driver's license, Defendant's identification card, Defendant's social security card, Defendant's birth certificate, two hats, Defendant's 1990 Ford Bronco II, and $460.00. *Id.*

The government responds that Defendant is not entitled to relief under 18 U.S.C. § 983(e), which provides a mechanism for a person entitled to notice "in any nonjudicial civil forfeiture proceeding...who does not receive such notice" to set aside the declaration of forfeiture. Government's Resp. at 2 (citing 18 U.S.C. § 983(e)). The Court agrees. Because none of the items enumerated in Defendant's motion were or are the subject of a forfeiture proceeding, Defendant has no challenge to the disposition of his property pursuant to 18 U.S.C. § 983(e). Therefore, the Court will denies Defendant's motion while inviting Defendant to file an appropriate motion pursuant to Rule 41(g). of the Federal Rules of Criminal Procedure.

WHEREFORE, it is ordered that Defendant's Motion Pursuant to Title 18 U.S.C. § 983(e)(1)(A)(B), filed June 20, 2002 (*Doc. 17*), is denied.

2

Dated April 30, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE